WEI QING LIANG, a.k.a. Peck Wan Wang, a.k.a. Wei Qing Lian, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.

No. 07–4127–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Jennifer L. Lightbody, Senior Litigation Counsel, Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Wei Qing Liang, a native and citizen of the People's Republic of China, seeks review of an August 31, 2007 order of the BIA: (1) affirming the October 5, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying her motion to remand. *In re Wei Qing Liang,* No. A78 853 791 (B.I.A. Aug. 31, 2007), *aff'g* No. A78 853 791 (Immig. Ct. N.Y. City, Oct. 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although Liang challenges the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006). When, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

### I. Denial of Asylum, Withholding of Removal, and CAT Relief

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Howev-

er, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ The IJ's adverse credibility determination is supported by substantial evidence. The IJ found that Liang's testimony regarding her plans to learn Falun Gong was evasive and non-responsive. We afford such assessments of demeanor particular deference. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Moreover, although Liang testified that the police have been coming to her home every three to six months to look for her since she left China, that assertion is omitted from her affidavit and from her father's letter, as the IJ observed. Those omissions are substantial, because if that testimony were true, it would have substantiated Liang's alleged well-founded fear of persecution. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). Accordingly, the IJ's findings support the adverse credibility determination.

The IJ also properly based the credibility determination on a finding that portions of Liang's testimony were implausible. An IJ may rely partly or entirely on implausibilities in an applicant's account to determine that the manner in which her testimony "hangs together with other evidence" is not credible. *Ying Li v. BCIS*, 529 F.3d 79, 82–83 (2d Cir.2008) (*quoting Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–07 (2d Cir.2006)). The IJ cited several implausible features of Liang's testimony: (1) although she was aware that the Chinese government had cracked down on Falun Gong, she did not consider it important when she decided to distribute flyers for her friend; (2) Liang's friend would have put her "in harm's way just to propagandize about the benefits of Falun Gong without telling [her] that it's literally a risk to [her] life to do so"; (3) while she

distributed flyers on three separate occasions, no one expressed any concern about being given illicit material; and (4) while the practice of Falun Gong was very important to her, she had not made any efforts to learn the practice in the United States. Viewing Liang's story as a whole, we are not compelled to conclude that the IJ erred in finding her narrative implausible. *See Ying Li*, 529 F.3d at 82–83; *Liang Chen*, 454 F.3d at 106–07. Accordingly, the IJ properly denied Liang's application for asylum. Moreover, the adverse credibility determination necessarily precludes success on the claim for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

## II. Motion to Remand Based on 2 U.S.-Born Children

We review the BIA's denial of a motion to remand for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ The BIA properly denied Liang's motion to remand, because Liang's evidence did not establish that she has a well-founded fear of persecution based on the birth of her second child. Liang submitted a document titled the Fujian Province Family Planning Committee's Administrative Decision, which states that Chinese nationals who have not established foreign permanent or long-term residence abroad

would be "sanctioned" upon return to China if they had "engage[d] in reproductive behavior abroad which violate[s] the local family planning policy in their resident area"; however, as the BIA observed, the document does not specify what kinds of sanctions would be imposed on those persons. Liang also argues that the BIA ignored evidence, such as a portion of the Fujian Province Government's Family Policy Practice Manual. However, we will presume that the BIA considered the evidence submitted with a motion. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006).

Liang further argues that remand is required pursuant to this Court's decisions in *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006), and *Tian Ming Lin v. U.S. Dep't of Justice,* 473 F.3d 48 (2d Cir.2007). As the Government argues, however, we will not remand a case for the BIA to consider evidence that was not in the record before it. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007). Here, only one of the three "*Shou Yung Guo* documents"—the Fujian Province Administrative Decision—is in the record, and the BIA properly evaluated that document with the other record evidence to conclude that Liang failed to establish a well-founded fear of forced sterilization upon return to China. *See* 8 U.S.C. § 1101(a)(42); *Matter of T–Z–,* 24 I. & N. Dec. 163, 169 (BIA 2007). Liang's reliance on *Shou Yung Guo* and *Tian Ming Lin* is thus misplaced. *See Xiao Xing Ni,* 494 F.3d at 269.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).